UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARRIE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV00925 AGF |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $1,899.63 (10.6 hours at an hourly rate of $179.21), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff requests that, if granted, the EAJA award of fees be paid directly to his attorney rather than to Plaintiff.

The Court finds that Plaintiff's request for attorney's fees is supported by appropriate documentation. In addition, Plaintiff is the prevailing party in this action inasmuch as the Court entered a judgment on September 28, 2012, reversing the decision of the Commissioner and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

In his response to Plaintiff's request for attorney's fees, the Commissioner offers no objection to an award of fees or to the amount sought. The Commissioner correctly states, however, that the fees should be made payable to Plaintiff rather than Plaintiff's

counsel, provided Plaintiff owes no debt to the Government. The Commissioner acknowledges that under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA fee belongs to the Plaintiff, rather than his attorney.

The Court agrees with this position. The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff. *Id.* at 2529. In *Ratliff*, the Supreme Court, addressing the meaning of "prevailing party" for purposes of an EAJA award, held that the Government's history of paying EAJA awards directly to attorneys where the Plaintiff had no federal debt and had assigned the right to receive the fees to his attorney, did not alter the Supreme Court's interpretation of the EAJA requirement that an award of attorney's fees be made directly to the "prevailing party." *Id.* at 2529. Plaintiff offers no reason for the Court to depart from *Ratliff* here. Therefore, the Court will adhere to the Supreme Court's directive in *Ratliff* that an award of attorney's fees be made to Plaintiff, the "prevailing party."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $1,899.63. (Doc. No. 21.)

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2013.